IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

In re MICRON TECHNOLOGIES, INC. SECURITIES LITIGATION.

Case No. CV-06-85-S-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

The Court has before it a motion to reconsider. The Court received the final briefing on April 19, 2007, and the motion is now fully submitted. For the reasons set forth below, the Court will deny the motion.

## ANALYSIS

### 1. Standard of Review

A motion to reconsider an interlocutory ruling requires consideration of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. The former principal has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.*, 591 F.2d 74, 79-80 (9th Cir. 1979). While a decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the

"law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right must co-exist, however, with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If a motion to reconsider does not fall within these three categories, it will be denied.

**2. Loss Causation**

Micron argues first that the case should be dismissed for plaintiffs' failure to plead loss causation. The Court ruled on this issue in its earlier decision, finding

that plaintiffs had satisfied their minimal pleading burden. Micron now argues that the Court neglected to consider its argument that a dismissal is compelled by *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), among other authorities. In the interests of getting this issue right, the Court will consider this argument.

In *Dura*, plaintiffs complained that they were lured to buy Dura stock by false statements that the FDA would soon approve Dura's asthmatic spray device. About eight months later, Dura officials announced that the FDA rejected the device, causing only a slight dip in the stock price, which quickly rebounded within a week. *Id* at 339.

Because there was no loss on the back end, plaintiffs alleged a "loss" on the front end – they alleged that their purchase price was inflated by the misrepresentation. That was enough for the Ninth Circuit, but not the Supreme Court. As Justice Breyer pointed out for a unanimous Court, a propped-up purchase price does not lead inevitably to a loss. *Id*. at 342-43. At the time of purchase, the stock was worth – at least for an instant – its purchase price, whether propped-up artificially or not. *Id*. If the stock owner later sells the shares for the same price or more (because the truth about the artificial price has not leaked out), the misrepresentation caused no loss. *Id*.

Thus, alleging an artificial purchase price sets the stage but tells no story: It

begs the question, "So what happened next?" The complaint must answer that question. In other words, the complaint must describe how the misrepresentation that raised the purchase price eventually caused a loss. *Id*. Far from blazing new trails, Justice Breyer stressed the PSLRA's reliance on common-law deceit and misrepresentation actions in concluding that plaintiffs must allege "the traditional elements of causation and loss." *Id*. at 346. Because plaintiffs failed to allege that Dura's stock lost value when Dura announced the FDA rejection, the Supreme Court found the complaint insufficient. *Id.* at 348.

The case before this Court is quite different. Here, plaintiffs allege not only that the purchase price was artificially propped-up, but they also allege – and this is where they get beyond *Dura's* objections – that they were hurt when the prop was kicked out (*i.e.*, the price-fixing ceased and the stock lost value). That was precisely the allegation that was missing in *Dura*. Because plaintiffs have alleged "traditional elements of causation and loss," their complaint passes muster under *Dura*. *Id*. at 346.[1]

[1] For the same reason, this case is distinguishable from *Powell v. Idacorp,* 2006 WL 851116 (D. Id. Mar. 29, 2006). There, nothing happened during the class period to cause the loss. Here, something did happen – the price-fixing ceased.

## 3. Remaining Allegations

The Court finds that the remaining allegations have been adequately addressed in the Court's earlier decision and thus do not fall under any of the three categories set forth above that warrant reconsideration.

## ORDER

In accordance with the Memorandum Decision set out above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (Docket No. 81) is DENIED.




DATED: **April 25, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge