# United States District Court
## For The District of Idaho

```
                              )
                              )
                              )
In re Micron Technology, Inc. )
SECURITIES LITIGATION         )
                              )        Case No. CV-06-085-S-BLW
                              )        Class Action
This document relates to      )
ALL ACTIONS                   )
                              )
```

## ORDER GRANTING CONDITIONAL STAY OF CASE

This matter comes before the Court on Defendants' Motion to Stay the case.  Having reviewed the parties' briefs and having heard oral argument, the Court FINDS:

### I. Background

Defendants Micron Technology, Inc. Steven Appleton, Wilbur Stover, and Michael Sadler (collectively "Defendants") have moved the Court to stay this private securities class action litigation pending the United States Supreme Court's review and decision in the case *Merck & Co. V. Reynolds*, 129 S.Ct. 24432. Defendants contend that the Supreme Court's decision in this case will resolve a circuit split regarding whether under the "inquiry notice" standard applicable to federal securities fraud claims, the statute of limitations does not begin to run until an investor receives evidence of scienter.  Defendants contend further that the resolution of this issue by the Supreme Court will have a direct impact on the

instant case.

Previously in this case, Defendants moved for dismissal on the grounds that the statute of limitations had run and plaintiffs' claims were untimely. The Court in denying Defendants' motion to dismiss, adopted the position that the statute of limitations does not begin to run until an investor, without benefit of investigation, receives evidence that the defendant acted with scienter. In particular, the Court held that the statute of limitations began to run only when there was sufficient evidence available to the public to permit Plaintiffs to allege facts supporting a strong inference that Defendants intended to mislead Micron investors.

After ruling on the Motion to Dismiss, the Supreme Court granted *certiorari* in *Merck v. Reynolds* to resolve a circuit split on this issue. Defendants now allege that this decision will impact this case as to the notice requirement and ultimately whether the case is barred. Defendants argue that staying this case pending this decision would enhance judicial efficiency and prevent prejudice to the parties. In essence, Defendants contend that a ruling by the Supreme Court against this Court's version of the notice requirement would have a dispositive effect on the case because if the Supreme Court determines that "inquiry notice" triggers the statute of limitations, Plaintiffs claim will be time barred and must be dismissed.

Plaintiffs, in opposition, contend that to grant the stay Defendants seek would damage their case. In support of this contention Plaintiffs allege that the remaining

discovery window is nearly closed and Plaintiffs have nearly completed their discovery. Were the Court to grant the stay at this late juncture, Plaintiffs argue, it would require them to recall many subpoenas and risk the loss of testimonial evidence as more time passes between the events at issue and the party and non-party depositions. Furthermore, Plaintiffs argue that since a fair chance of prejudice to Plaintiffs will occur, Defendants motion to stay should be denied.

Plaintiff also asserts that Defendants have not demonstrated a clear case of hardship sufficient to justify a stay. To support this position, Plaintiffs claim that Defendants' proffered justification for the stay, i.e., to avoid unnecessary costs and burdens of litigation going forward, is insufficient and that no actual harm will result from litigation going forward. In fact, Plaintiffs contend the majority of the costs in this action have been realized already.

Finally, Plaintiffs contend that the benefits of granting a stay would be speculative at best. To support this position, Plaintiffs contend that a ruling by the Supreme Court that inquiry notice triggered the statute of limitation would not dispose of this case. Furthermore, Plaintiffs speculate that it is unlikely that the Supreme Court will rule that inquiry notice triggers the statute of limitations.

## II. Discussion

A. Legal Standard

"A district court has discretionary power to stay proceedings in its own court under

*Landis v. North American Co.*, 299 U.S. 248, 254 (1936)." *Lockyer v. State of California*, 398 F.3d 1098, 1109 (9th Cir 2005). This power to stay is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (internal citations omitted).

When considering a motion to stay, the district court should consider three factors: (1) the potential prejudice to the non-moving parties; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved. *See e.g., CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In assessing the propriety of a stay under *Landis*, a court must balance the length of the delay against the justifications for the stay. *See Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir.2000). Furthermore, the Ninth Circuit has enunciated a number of more specific legal principles. First, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *ASIS Internet Services v. Member Source Media*, 2008 WL 4164822 (N.D. Ca. 2008) (citing *Lockyer*, 398 F.3d at 1111 (internal quotation marks omitted); *see also Dependable Highway Express, Inc. v. Navigators Ins. Co.*, , 498 F.3d 1059, 1066 (noting that, "[g]enerally, stays should not be indefinite in nature"); *Asustek*, 2007 WL 4190689 (stating that "a stay pending appeal is of dubious character and may result in indefinite

delay"). Second, the Ninth Circuit has recognized that, "if there is even a fair possibility that [a] stay ... will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Id.* (citing *Dependable Highway,* 498 F.3d at 1066). "[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity...." *Id.* (citing *Dister v. Apple-Bay E., Inc.,* 2007 WL 4045429 (N.D.Cal. Nov. 15, 2007) (internal quotation marks omitted)); *see also Dependable Highway,* 498 F.3d at 1066.

B. Length of Stay

The United States Supreme Court heard oral argument on *Merck* on Monday, November 30. A stay during the pendency of the *Merck* appeal can be expected to last, at the latest, to the end of the Supreme Court's current term in October, 2010. It is more likely, however, that the Supreme Court will issue its opinion on *Merck,* as is customary, before it adjourns for its summer recess in August, 2010. Accordingly, the length of the stay would be less than one year in duration. The Court finds this time period to be reasonable in light of the claims presented before this Court for money damages for past harms and not for prospective injunctive relief.

C. Hardship to Parties

In its motion, Micron claims it will suffer a hardship by expending substantial amounts of time and resource in responding to Plaintiffs' claims. Micron further argues that no prejudice results to Plaintiffs case by staying the case pending the decision of the

Supreme Court. Plaintiffs have pointed out, in both their brief and at oral argument, that "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity." *See e.g., Asis Internet Services*, * 2 (citing *Dependable Highway*, 498 F.3d at 1066). Micron's failure to establish a clear case of hardship is not dispositive. "Such a showing need be made by the party seeking the stay only if the party opposing the stay first demonstrates that there is a fair possibility that a stay will cause it injury." *See id.* (citing *Dependable Highway*, 498 F.3d at 1066) (stating "if there is even a fair possibility that a stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity.") Thus, the threshold question for the Court is whether Plaintiffs have made an initial showing that there is a fair possibility that they will be injured by a stay.

At oral argument and in their brief, Plaintiffs asserted that granting a stay would prejudice them because they would be required to "recall [][outstanding] subpoenas, halt efforts to procure documents from third parties, and would interrupt months of significant efforts to complete discovery" as previously ordered by the Court. Pls.' Resp. To Defs.' Mot. To Stay (Doc. 148). Further, Plaintiffs contend that upon expiration of the stay, they would be back at ground zero having to "re-notice depositions, resume stalled negotiations and discussions with third parties, and re-familiarize themselves with the exhaustive record which has been [compiled][] to date." Pls.' Resp. To Defs.' Mot. To Stay (Doc. 148).

Addressing these points, the Court finds persuasive the reasoning of the District

-6-

Court for the Northern District of California in *Assis Internet Services*, upon which both Plaintiffs and Defendants relied in their briefing. "[L]itigation related injury is not the type of injury that would justify shifting the burden to [] [the movant] to demonstrate a clear case of hardship or inequity." *Asis Internet Services*, * 2. Indeed, the Ninth Circuit has held that where a plaintiff seeks only damages for past harm and thus the only injury from a stay would be a delay in monetary recovery, as is the case here, there is not sufficient basis to deny a stay. *See Lockyer*, 398 F.3d at 1110-12; *CMAX, Inc.*, 300 F.2d 265. "Such an injury stands in contrast to cases where a stay would result prospectively in harm such as real market injury (*Lockyer*, 398 F.3d at 1112) or prolonged deprivation of liberty (*Yong*, 208 F.3d 1116)." *Asis Internet Services*, * 2.

Like *Asis Internet Services*, Plaintiffs in this case claim only monetary damages. Also like *Asis Internet Services*, in which the Court granted a conditional stay allowing for the continuation of discovery, any harm to plaintiffs imposed by the stay can be mitigated by conditioning the stay on allowing Plaintiffs to complete discovery. Claimed harms such as resuming stalled negotiations with third parties or the burden associated with re-familiarizing themselves with the exhaustive record are deemed litigation injury, and do not require a showing of hardship or inequity by Micron. Accordingly, the harms claimed by plaintiff should a stay be imposed will be mitigated to an acceptable level by conditioning the stay upon the completion of discovery. To further mitigate any burden Plaintiffs may incur as a result of the conditional stay, the Court *sua sponte*, may extend the discovery

deadline.

D. Judicial Economy

A conditional stay of the instant case may well promote judicial economy.  If the Supreme Court adopts the inquiry notice standard for securities fraud cases, a large part (if not all) of the case at bar is likely to be dismissed.  Even if the Supreme Court holds against the position of Micron, the Supreme Court will likely provide other guidance regarding what does trigger notice, actual or otherwise, potentially aiding the Court in its resolution of any remaining issues in deciding dispositive motions.  Accordingly, judicial economy is served by granting a stay conditioned upon the completion of discovery.

## III. Conclusion

By conditioning the stay to allow Plaintiffs to complete discovery, the balance of hardships together with considerations of judicial economy tip the scales in favor of granting the stay.  To further mitigate any hardship Plaintiffs may incur because of the stay, the Court *sua sponte* extends the discovery deadline to January 22, 2010.  Therefore, it hereby ORDERED that Defendants' Motion to Stay proceedings in the instant case pending a decision in *Merck v. Reynolds*, 129 S.Ct. 24432, is conditionally GRANTED.

DATED this _7th_ day of December, 2009.

_William F. Redeoner_

_____
United States District Judge